**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUEL L DELGADO, | |
| Plaintiff, | Civil Action No. 18-15092 (ES) (MAH) |
| v. | MEMORANDUM OPINION |
| MORRIS COUNTY HOUSING AUTHORITY, et al., | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Jacquel L. Delgado's ("Plaintiff") application to proceed *in forma pauperis*. (D.E. No. 1-2). Pursuant to 28 U.S.C. § 1915A, the Court screens Plaintiff's Complaint (D.E. No. 1, Complaint ("Compl.")). Additionally, Plaintiff filed a letter labeled "Emergency Request for Expedited hearing," which the Court construes as a request for a preliminary injunction under Federal Rule of Civil Procedure 65. (D.E. No. 2, Emergency Request for Expedited Hearing ("Pl.'s Letter")).

Plaintiff's application to proceed *in forma pauperis* is GRANTED pursuant to 28 U.S.C. § 1915, but Plaintiff's Complaint is DISMISSED and her Motion is DENIED for the reasons below.

**I.    BACKGROUND**

The Court notes that the Complaint is handwritten and hard to follow, although the attached exhibits provide some clarity and context to Plaintiff's allegations. (*See* Compl.; D.E. No. 1-1 Complaint Exhibits ("Compl. Exs.")). In light of Plaintiff's *pro se* status, the Court gleans, as best it can, the following facts from the Complaint and the attached exhibits.

On October 18, 2018, Plaintiff filed the instant Complaint alleging that Defendants Morris

County Housing Authority ("MCHA"), Morris County Office of Temporary Assistance ("MCOTA"), Rockaway Affordable Housing & Green Pond Village ("Rockaway"), and the Newark Office of the Department of Housing and Urban Development ("Newark HUD Office") (collectively "Defendants"), violated the Fair Housing Act ("FHA") on the basis of racial discrimination and familial status. (*See* Compl.). Along with her Complaint, Plaintiff filed an application to proceed *in forma pauperis*. (D.E. No. 1-2).

Plaintiff alleges that she has sought housing assistance because she and her "girls," presumably her daughters, are a family recovering from domestic violence. (*See* Compl. at 3). Plaintiff avers that between May and October 2018, Defendants continually denied her "State and Federal housing grant [sic] for an apartment to help with domestic violence recovering family." (*Id.* at 2). On other sections of the Complaint, Plaintiff also states that the alleged discrimination dates "back from 2014 to year 2018" and also that MCHA "has continually taken my name of [sic] the waiting list for years."[1] (*Id.* at 2 & 4; *see also* Compl. Ex. B.).

In any event, Plaintiff alleges that she supplied MCOTA with "over 12 landlord tenant statements that were in the guidelines" and that she applied for "every affordable housing in Morris County," but "still [MCOTA] denied and placed me [and] the girls in a hotel 40 minutes away from the school." (Compl. at 3). She states that she was rejected because she is "a domestic violence client receiving public assistance." (*Id.*).

Plaintiff provides as evidence four MCOTA Landlord-Tenant Form Applications containing different two- and three-bedroom apartments located in East Orange, Atlantic City,

---

[1] Plaintiff makes these same allegations against the Boonton Housing Authority. (*Id.*). The Boonton Housing Authority is a public housing agency that serves the town of Boonton, New Jersey. *See* Boonton Housing Authority, https://www.boontonhousing.org/ (last visited Nov. 8, 2018). However, Plaintiff has not named either the town of Boonton or the Boonton Housing Authority as a defendant in this action. (*See* Compl. at 2).

Flanders, and Morris Plains, New Jersey. (Compl. Ex. A).[2] These forms indicate that "[c]ompletion of this form is for informational purposes. It is not a promise of payment by this agency." (*Id.*). The applications are dated between March 14, 2018, and May 22, 2018, with quoted monthly rents ranging from $1,200 to $1,500 per month. (*Id.*). Apparently in connection with the Atlantic City apartment, Plaintiff avers that she contacted "Jay"[3] Golden of Atlantic County, who informed her "that the office of temporary assistance has the obligation of re-locating and paying for the first month and security deposit." (Compl. at 3). Despite Mr. Golden's representations, however, Plaintiff alleges that MCOTA has refused to release the funding and preventing her from getting the housing she needs. (*Id.*). Plaintiff also indicates that even though the MCHA "was aware of [her] request as well as what had been happening their investors listed on the first pages have denied [her] in every respect." (*Id.*).

In early May 2018, Plaintiff filed a HUD 903 online housing discrimination complaint form ("HUD 903 Complaint Form"), alleging that MCOTA had discriminated against her. (Compl. Ex. B). Although the HUD 903 Complaint Form appears to be missing the first page, it states that Plaintiff presented MCOTA with another apartment located in Egg Harbor, but MCOTA informed Plaintiff that Atlantic County had to approve that request. (*Id.*). When Plaintiff contacted Mr. Golden, however, she was informed that Morris County had the right to approve that apartment. (*Id.*). Additionally, the HUD 903 Complaint Form also states that MCOTA denied the Morris Plains apartment because MCOTA "would not pay a broker fee." (*Id.*). Plaintiff alleges that the

---

[2]    Although Plaintiff provides six forms, two of them are duplicates. (*See* Compl. Ex. A).

[3]    According exhibit B to the Complaint, which is a HUD 903 online housing discrimination complaint form Plaintiff filed in May 2018, Plaintiff spoke with *Leonard* Golden who is identified as "the Atlantic County Director and Staff," presumably of the relevant Atlantic County housing agency. (*See* Compl. Ex. B). Thus, it would appear, and the Court assumes, that the instant Complaint's reference to "Jay" is a mistake and Plaintiff meant to refer to Leonard Golden.

Newark HUD Office never acknowledged her complaint as sufficient and never followed up with her regarding her complaint. (Compl. at 3).[4]

Plaintiff's Complaint also alleges that "[w]hite Jews-members have already been granted the housing that I have asked for since 2014." (Compl. at 4). And under the section labeled "Why do you believe you are being discriminated against" of the HUD 903 Complaint Form, Plaintiff stated: "The lack of respect for Hispanic and African American women in the [MCOTA]. The wrongful, (misleading of the truth; Is evident to women of different color and race. Having staff that are mixed races is a camouflage to cover up racial profiling that comes from the top." (Compl. Ex. B).

Finally, Plaintiff states that MCOTA requested that Plaintiff and her girls move to a homeless shelter in Morris County. (Compl. at 3). She made a similar allegation in her HUD 903 Complaint Form. (Compl. Ex. B ("Morris County is trying to negate financial responsibility by making a recommendation of a Shelter. . . .")). As a result of Defendants' conduct, Plaintiff avers she has suffered emotional and mental anguish. (Compl. at 4). She requests that she be granted one million dollars for her pain and suffering and "immediate relief toward purchasing our own home in Morris County, New jersey." (*Id.*).

On October 29, 2018, Plaintiff filed a letter labeled "Emergency Request for Expedited hearing," which the Court construes as a request for preliminary injunction. (*See* Pl.'s Letter). In

---

[4] In early May 2018, Plaintiff filed a second 903 complaint form with HUD indicating that the Boonton Housing Authority had refused to offer her housing since 2014. (*See* Compl. Ex. B at ECF page 9). This complaint is very similar in format to the HUD 903 Complaint Form. The first page is an email notice from "donotreply@hud.gov" indicating that the completed complaint form would be routed to the appropriate regional office and it would be reviewed by a specialist. (*Id.*). The notice also states: "If your complaint involves a possible violation of the Fair Housing Act, the specialists will assist you in filing an official housing discrimination complaint." (*Id.*). Thus, it appears that the missing first page from the HUD 903 Complaint Form would contain the same information. In any event, because Plaintiff has not named the Boonton Housing Authority as a defendant in this case or otherwise alleged any connection to any of the named Defendants, the Court does not rely on any of the facts outlined in this second 903 complaint form.

this letter, Plaintiff states that MCOTA continues to deny her emergency housing assistance grant and that the agency requested that Plaintiff no longer use the hotel funding. (*Id.*). She thus requests an expedited case. (*Id.*).

## II.      LEGAL STANDARD

### A.      28 U.S.C. § 1915 Screening

Under 28 U.S.C. § 1915, a Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Moreover, because Plaintiff is proceeding *pro se*, the Court must construe the pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "The Court need not, however,

credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

B.     **Preliminary Injunction**

The Court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

**III.     ANALYSIS**

Plaintiff indicates that she has no income, aside from the public assistance she receives in the form of a hotel stipend. (*See* D.E. No. 1-2). Thus, Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs. (*See* D.E. No. 1-1).

However, the Court finds that the Complaint, as it currently stands, fails to state a claim upon which relief can be granted under Rule 12(b)(6) and section 1915(e)(2)(b)(ii). As a result, Plaintiff is also unable to show a reasonable likelihood of success on the merits and her requested motion is denied.

The FHA makes it illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or *in the provision of services* or facilities in connection therewith, *because of race*, color, religion, sex, *familial status*, or national origin." 42 U.S.C. § 3604(b) (emphasis added). To establish a violation of the FHA, a plaintiff must show that the challenged actions were either (i) motivated by intentional discrimination (also known as a

disparate treatment claim) or (ii) resulted in a discriminatory effect (also known as disparate impact), even absent evidence of a discriminatory motive. *Walker v. Carrington Mortg. Servs. LLC*, No. 16-8330, 2017 WL 1836144, at *3 (D.N.J. May 8, 2017). Plaintiff here alleges only a violation of the FHA under the intentional discrimination prong, as her claim relates only to her own alleged disparate treatment by Defendants. *See Spieth v. Bucks Cty. Hous. Auth.*, 594 F. Supp. 2d 584, 593 (E.D. Pa. 2009) ("Second, nothing in Spieth's complaint suggests that she is bringing a disparate impact claim because she alleges facts specific only to her situation.").

A claim for intentional discrimination under the FHA can be established "by showing that discriminatory intent against a protected group was a motivating factor for the challenged action." *Eastampton Ctr. v. Twp. of Eastampton*, 155 F.Supp.2d 102, 111 (D.N.J. 2001). A plaintiff need not show that the discriminatory purpose be "malicious or invidious, nor need it figure in solely, primarily, or even predominantly into the motivation behind the challenged action." *Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 177 (3d Cir. 2005) (quotations and citations omitted). But the plaintiff must establish that "the protected characteristic played a role in the defendant's decision to treat her differently." *Id*.

As a starting point, although Plaintiff names Rockaway as a Defendant, neither the instant Complaint nor the exhibits attached to the Complaint allege any facts, at all, about any actions taken by Rockaway, let alone anything that would rise to a properly pleaded claim. *See Iqbal*, 556 U.S. at 678. As such, the Court will dismiss the Complaint against Rockaway for failure to state a claim. *See Id.*

Similarly, at most, Plaintiff's claim against the Newark HUD Office states only that it has failed to investigate the 903 Complaint Form she filed online back in May 2018. But the FHA provides no such right of action, either express or implied, against the HUD. *See Turner v. Sec'y*

*of U.S. Dep't of Hous. & Urban Dev.*, 449 F.3d 536, 540 (3d Cir. 2006) (citing *Godwin v. Sec'y of Hous. and Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004) (per curiam); *Marinoff v. U.S. Dep't of Hous. & Urban Dev.*, 892 F. Supp. 493, 496 (S.D.N.Y. 1995), *aff'd*, 78 F.3d 64 (2d Cir. 1996)). Indeed, by filing the instant Complaint Plaintiff has exercised her other adequate remedy under the statute. *See Turner*, 449 F.3d at 540. Therefore, the claim against the Newark HUD Office is also dismissed.

As to Defendants MCHA and MCOTA, the Court finds that Plaintiff has failed to properly allege discriminatory intent. Plaintiff's Complaint states that Defendants have denied her requests for housing grants because she is a "domestic violence client receiving public assistance." (Compl. at 3). However, being a domestic violence victim on public assistance is not a protected class under FHA. *See* 42 U.S.C.A. § 3604. Additionally, Plaintiff's Complaint does not allege what is her race, nor does it allege that her race played a role in Defendants' decision to deny her requests for three-bedroom apartments.

Further, even liberally construing the Complaint to include the allegations in the HUD 903 Complaint Form, Plaintiff fails to properly allege a discriminatory intent there as well. Plaintiff only provides conclusory statements to support her claim of racial discrimination such as "Racial barriers are certainly a factor in Morris County New Jersey," and under the section labeled "Why do you believe you are being discriminated against" Plaintiff states only: "The lack of respect for Hispanic and African American women in [MCOTA]. The wrongful, (misleading of the truth; is evident to women of different color and race. Having staff that are mixed races is a camouflage to cover up racial profiling that comes from the top." (Compl. Ex. B). At best, these conclusory allegations give rise to a "mere possibility of misconduct," but this is insufficient to state a claim. *See Iqbal*, 556 U.S. at 679. Thus, Plaintiff has failed to demonstrate that a "discriminatory purpose

was a motivating factor behind the challenged action." *See Cmty. Servs., Inc.*, 421 F.3d at 177.

Indeed, Plaintiff's Complaint contains no facts which would allow the Court to draw the reasonable inference that, by denying her the requested three-bedroom apartments, Defendant intentionally discriminated against Plaintiff because of her race or familial status. And Plaintiff's conclusory allegations regarding Defendants' apparent discrimination, coupled with the bare assertion that "[w]hite jew-members have already been granted housing," fail to nudge her claim of disparate treatment under section 3604(b) "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 547; *Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In short, "[a]t most, Plaintiff is asserting only some sort of generalized grievance that she lacks the housing she feels that the federal government must provide to her; such an allegation fails to state a claim under the Fair Housing Act when unsupported by any allegations of the who, what, when, where, and why of the circumstances of denied housing based on race or other protected class." *See Beakley v. United States*, No. 14-6502, 2015 WL 4591268, at *3 (D.N.J. July 29, 2015). Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. As such, Plaintiff cannot establish any likelihood of success on the merits and her request for a preliminary injunction is also denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed without prepayment of fees is GRANTED, but her Complaint is DISMISSED *without prejudice*[5] pursuant to 28 U.S.C. §

---

[5] "The primary meaning of 'dismissal without prejudice,' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

1915(e)(2).  Additionally, her letter request for a preliminary injunction is DENIED *without prejudice*.  An appropriate Order accompanies this Opinion.

>   *s/Esther Salas*
>   **Esther Salas, U.S.D.J.**